UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES MITCHELL,<br>*Plaintiff*, | : <br> : <br> : | |
| v. | : <br> : | No. 3:23-cv-896 (VAB) |
| SARAH SHAUER, *et al.,*<br>*Defendants*. | : <br> : <br> : | |

**INITIAL REVIEW ORDER**

James Mitchell ("Plaintiff"), a prisoner in the custody of the Connecticut Department of Correction ("DOC"), has filed this Fourth Amended Complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that five DOC employees violated his constitutional rights.

For the reasons set forth below, his Eighth Amendment deliberate indifference claim against APRN Sarah Schauer will proceed, but all other claims and Defendants are **DISMISSED** from this case with prejudice.

I.   **BACKGROUND**

Mr. Mitchell initiated this case on July 5, 2023. Compl., ECF No. 1. Before an initial review order, Mr. Mitchell filed an Amended Complaint. Am. Compl., ECF No. 9 (August 4, 2023). Mr. Mitchell then moved for leave to file a Second Amended Complaint. Mot. for Leave to File Am. Compl., ECF No. 12 (September 18, 2023). Mr. Mitchell then filed a Second Amended Complaint, Sec. Am. Compl., ECF No. 14 (September 20, 2023), after the Court permitted him to do so. Order, ECF No. 13 (September 20, 2023). Mr. Mitchell moved again to file a Third Amended Complaint. Mot. to Am. Compl., ECF No. 15 (September 21, 2023). Mr. Mitchell then filed a Third Amended Complaint, Third Am. Compl., ECF No. 17 (September 25, 2025), after the Court permitted him to do

so. Order, ECF No. 16 (September 25, 2025).

After an initial review of Mr. Mitchell's Third Amended Complaint under 28 U.S.C. § 1915A, Initial Review Order, ECF No. 24 (May 3, 2024) ("I.R.O."), the Court permitted Mr. Mitchell to proceed with his claim for Eighth Amendment deliberate indifference to serious medical needs against APRN Sarah Schauer in her individual capacity. *Id.* at 14. All other claims and Defendants were dismissed from the case. *Id.*

Mr. Mitchell then filed a motion for reconsideration of that initial review order. Mot. for Recons., ECF No. 27 (June 17, 2024). The Court denied Mr. Mitchell's motion for reconsideration, *see* Order Den. Mot. for Recons., ECF No. 30 (June 25, 2024), but permitted Mr. Mitchell to file a Fourth Amended Complaint, if he could allege new facts sufficient to address the concerns in the initial review order. *Id.* Mr. Mitchell then filed this Fourth Amended Complaint. Fourth Am. Compl., ECF No. 31 (July 24, 2024).

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, prisoner civil complaints must be reviewed and any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, must be dismissed. *See* 28 U.S.C. § 1915A.

In reviewing a *pro se* complaint, the allegations must be construed liberally, interpreting them to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.").[1] But a *pro se* complaint must still allege enough facts—as distinct from legal conclusions—to establish plausible

---

[1] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

grounds for relief. *See*, *e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) ("At the same time, a pro se complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Finally, the "purpose of an amended complaint is 'to clarify or amplify the original cause of action, not add new causes of action.'" *Jordan v. Quiros*, No. 3:23-CV-254 (CSH), 2023 WL 5153614, at *1 (D. Conn. Aug. 10, 2023). Indeed, "[d]istrict courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases); *see also Kriss v. Bayrock Group, LLC*, No. 10-CV-3959 (LGS) (FM), 2015 WL 1305772, at *6 (S.D.N.Y. March 23, 2015) ("Courts' inherent powers include the power to dismiss a party's claims and to strike a party's pleadings for failure to obey court orders.").

**III.    DISCUSSION**

Mr. Mitchell's Fourth Amended Complaint contains a separate statement of facts for five named Defendants. *See* Fourth Am. Compl ¶¶ 1-65. In his Fourth Amended Complaint, Mr. Mitchell does not sue CS Stanley or Karen Grande, as he did in his Third Amended Complaint. *Compare* Third Am. Compl. at 1, *with* Fourth Am. Compl. at 1. Mr. Mitchell sues a new Defendant—Joyce Gibson—whom he did not sue in his Third Amended Complaint. *Id.*

As a result, Mr. Mitchell's Fourth Amended Complaint only will be analyzed to the extent he has alleged new facts to overcome the concerns in the Court's previous initial review order. *See* Order Den. Mot. for Recons.

### A. The Claims against Rose Walker

#### 1. The First and Fourteenth Amendment Grievance Claims

Because Mr. Mitchell's First and Fourteenth Amendment claims related to grievances that failed as a matter of law in his Third Amended Complaint,[2] only facts showing that Ms. Walker's mishandling of his grievances was driven by a retaliatory motive would restore this First and Fourteenth Amendment retaliation claims. *See* I.R.O. at 11 (noting that "Mitchell has alleged no facts to suggest that Walker had a retaliatory motive or was deliberately punishing him by means of mishandling his grievances."). But Mr. Mitchell's Fourth Amended Complaint makes no mention of Walker's motive—retaliatory or otherwise—for allegedly mishandling his grievances. *See* Fourth Am. Compl. ¶¶ 1–11.

Accordingly, the First and Fourteenth Amendment retaliation claims will remain dismissed.

#### 2. The Eighth Amendment Claim

Because Mr. Mitchell's previous Eighth Amendment claims against Ms. Walker regarding the mishandling or ignoring of his grievances were dismissed due to his failure to satisfy the objective prong of the deliberate indifference test or even state what information the grievance in question contained, Mr. Mitchell must now address that deficiency in pleading his Fourth Amended Complaint. I.R.O. at 12.

He now states that the grievance concerned prison officials' failure to inform him that he had high cholesterol, *see* Fourth Am. Compl. ¶1, and that Ms. Walker allegedly did not discuss

---

[2] *See* I.R.O. at 11–12 (The Court previously construed Mr. Mitchell's First Amendment claim as allegedly encompassing two distinct violations: the right to redress of grievances and unconstitutional retaliation. Because the Constitution does not require the Defendant to respond to grievances, the Court dismissed the right to redress of grievances claim. The Court further dismissed the retaliation claim because Mr. Mitchell alleged no facts to suggest that the Defendant had a retaliatory motive or was punishing him by means of mishandling his grievances. The Court construed his Fourteenth Amendment claim similarly and dismissed it for the same reasons as his First Amendment claim.).

4

his high cholesterol with other health providers under prison policy or take action to treat Mitchell's condition. *Id.* at ¶¶ 3, 7, 10.

These additional allegations, however, do not sufficiently allege a culpable mental state required for a deliberate indifference claim. *See, e.g.*, *Seymore v. Dep't of Corr. Servs.*, No. 11 Civ. 2254 (JGK), 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) (dismissing deliberate indifference claim for failure to plead that prison officials possessed a sufficiently culpable state of mind, where plaintiff alleged that defendants knew about conditions that caused his injury, but "at most, alleged that various defendants were negligent in failing to correct conditions, not that any defendant obdurately and wantonly refused to remedy a specific risk to the plaintiff"); *Rivera v. Bloomberg*, No. 11–CV–629, 2012 WL 3655830, at *6 (S.D.N.Y. Aug. 27, 2012) (concluding that "[a] prisoner's allegation that a supervisory official failed to respond to a grievance is insufficient to establish that the official exhibited deliberate indifference by failing to act on information indicating that the violation was occurring").

Accordingly, the Eighth Amendment claims will remain dismissed.

### B. The Claims against Marybeth Moure-Williams

#### 1. The First and Fourteenth Amendment Claims

For the same reasons stated above, Mr. Mitchell's First and Fourteenth Amendment claims fail again against Ms. Moure-Williams. *See* I.R.O. at 11. Mr. Mitchell has failed to allege any facts to overcome their deficiencies. As to his First Amendment retaliation claim, Mr. Mitchell previously alleged facts in support of an alleged retaliation by Moure-Williams, but they were wholly unrelated to her practice of "collecting health services grievances despite being unauthorized to do so." *Id.* at 12. Mr. Mitchell thus would have to allege in his Fourth Amended Complaint facts suggesting that Moure-

Williams's retaliatory actions were related to the unauthorized collection of health services grievances.

But Mr. Mitchell does not even allege any more than that Ms. Moure-Williams was unauthorized to collect health services grievances, Fourth Am. Compl. ¶¶ 12–28, as he had previously. Third Am. Compl. ¶ 9. Instead, he alleges that he "would not have been transferred if it was not for the defendant's false allegations which the plaintiff believes was done to conceal other violations." Fourth Am. Compl. ¶ 28. But this speculative and conclusory allegation is insufficient to establish that any retaliatory action by Moure-Williams was related to her unauthorized collection of health services grievances. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555–56 (2007))).

In addition, no where in the Fourth Amended Complaint does Mr. Mitchell allege that Ms. Moure-Williams, a laboratory technician, had authority to transfer Mitchell. *See* I.R.O. at 13. While "[a] prison official can be liable for requesting a retaliatory transfer even if [s]he lacks the authority to order it," *Campbell v. Kuhlmann*, No. 91-CIV-6766 (SAS) (DFE), 1998 WL 249196, at *4 (S.D.N.Y. May 15, 1998), Mr. Mitchell does not allege any facts in his Fourth Amended Complaint that Moure-Williams requested or ordered his transfer.

Accordingly, the First and Fourteenth Amendment claims will remain dismissed.

  2. **The Eighth Amendment Claim**

For the same reasons stated above with respect to the Eighth Amendment claim against Ms. Walker, the Eighth Amendment claim against Ms. Moure-Williams also fails, and no new facts have

been alleged to revive that claim.

Accordingly, the Eighth Amendment claim will remain dismissed.

### C. The Claims against Sarah Schauer

The deliberate indifference claim against Ms. Schauer had been dismissed, except for his claim relating to her failure to inform Mitchell of or treat his high cholesterol. I.R.O. at 9.

In the Fourth Amended Complaint, there are no new facts sufficient to show that Ms. Schauer's treatment of his skin condition was reckless or that the skin condition was one that might lead to death, degeneration, or extreme pain. Fourth Am. Compl. ¶ 35. Nor has Mitchell alleged additional facts showing that dispensing unnecessary medication to Mitchell amount to anything more than a disagreement about treatment. *Id.* at ¶ 34. As a result, Mr. Mitchell has not alleged any facts in his fourth amendment complaint to overcome my reasons for dismissal of the remaining claims against Schauer. I.R.O. at 9.

Accordingly, the deliberate indifference claims against Schauer will remain dismissed, except for the claim relating to her failure to inform Mitchell of or treat his high cholesterol, which may still proceed.

### D. The Claims against David Snyder

#### 1. The Retaliatory Transfer Claim

Mr. Mitchell's retaliatory transfer allegation rests entirely on his "belie[f] that the defendant transferred the plaintiff due to the false allegations by defendant [M]oure-[W]illiams…" Fourth Am. Compl. ¶ 39.  But "[a] litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018). A "belief" is insufficient to establish a retaliatory motive. *See*, *e.g.*,

*Saltarella v. Town of Enfield*, 427 F.Supp.2d 62, 74 (D. Conn. 2006), aff'd, 227 F. App'x 67 (2d Cir. 2007) ("Despite [plaintiff's] personal beliefs…there is insufficient evidence from which reasonable jurors could conclude that…any…defendant acted with a retaliatory motive."); *Lewis v. Covenant Aviation Sec.*, No. 09 CIV. 5915 (GBD) (HBP), 2012 WL 2449847, at *4 (S.D.N.Y. June 26, 2012) ("Plaintiff's subjective belief, without actual evidence, is insufficient for a reasonable jury to infer that any adverse action by the Defendant was the product of a retaliatory motive."); *Curry v. Fed. Express Corp.*, No. 03-CV-619S, 2006 WL 839426, at *11 (W.D.N.Y. Mar. 28, 2006) ("Plaintiff's mere belief that the alleged adverse actions were based on retaliatory motives is not sufficient to establish a claim for retaliation.").

Accordingly, the retaliatory transfer claim will remain dismissed.

2. **The Fourteenth Amendment Claim**

In the absence of a viable retaliatory transfer claim, Mr. Mitchell's Fourteenth Amendment claim also must fail. *See Davis v. Kelly*, 160 F.3d 917, 920 (2d Cir. 1998) ("A prisoner has no liberty interest in remaining at a particularly correctional facility, but prison authorities may not transfer an inmate in retaliation for the exercise of constitutionally protected rights." (citations omitted)); *see also Gomez v. Westchester Cnty.*, 19-CV-1335 (VB), 2020 WL 635577, at *7 (S.D.N.Y. February 11, 2020) ("'And where prison authorities have unfettered discretion to transfer prisoners from one institution to another, a prisoner's interest in avoiding transfer to an institution affording less favorable living conditions is insufficient to qualify for due process protection.'" (quoting *Pugilese v. Nelson*, 617 F.2d 916, 922 (2d Cir. 1980))).

Accordingly, the Fourteenth Amendment claim will remain dismissed.

### E. The Claims against Joyce Gibson

Because Joyce Gibson had not previously been sued, and no leave had been granted to bring new claims against Defendants, this claim will not be reviewed, but instead be summarily dismissed. *See Kuntz v. N.Y. State Bd. of Elections,* 924 F.Supp. 364 (N.D.N.Y.1996) (dismissing three new claims in amended complaint where they "appear to proceed on entirely new factual allegations and legal bases and clearly exceed the mandated scope of the Court's leave to amend").

Accordingly, to the extent viable, this claim will be dismissed here, and must be raised in a separate case, to the extent practicable or otherwise viable in a separate case.

## IV. CONCLUSION

For the reasons set forth below, his Eighth Amendment deliberate indifference claim against APRN Sarah Schauer will proceed, but all other claims and Defendants are **DISMISSED** from this case with prejudice.[3] Because the claims against Ms. Gibson are summarily dismissed, Mr. Mitchell's motion that the Court take judicial notice of Ms. Gibson's actions is **DENIED**. Mot. for Judicial Notice, ECF No. 37 (December 18, 2024).

All previous Orders, and related deadlines remain in effect. I.R.O. at 14.–15.

**SO ORDERED** this 7th day of March 2025, at New Haven, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[3] *See e.g., Wright v. Malloy*, 16-cv-1179 (SRU), 2016 WL 7115933, at *6 (D. Conn. December 6, 2016) ("The dismissal is with prejudice because [Plaintiff] has been afforded multiple opportunities to amend his complaint."); *Tasini v. AOL, Inc.*, 851 F. Supp. 2d 734, 745 n.5 (S.D.N.Y. 2012) ("The plaintiffs filed an amended complaint after the first motion to dismiss was filed. Because the plaintiffs have failed to state a claim after two opportunities to do so, the Complaint is dismissed with prejudice.").